[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR CLARIFICATION DATED SEPTEMBER 27, 1993 (CODED #107)
By memorandum of decision dated September 22, 1993, this court denied the defendant's motion to dismiss regarding jurisdiction. Page 2 of the memorandum of decision states in part: "The application for rule to show cause does not seek to modify the Virginia judgment." The defendant has called to the court's attention that the motion to dismiss requested the court to dismiss both the complaint and the rule to show cause that were filed by the plaintiff. The complaint filed by the plaintiff in this action does seek to modify the Virginia judgment. Since the plaintiff in the complaint filed seeks to modify a dissolution judgment entered CT Page 1748 in the State of Virginia between the parties, this attempt to modify that decree implicates the Parental Kidnapping Prevention Act (PKPA). The PKPA is a jurisdictional act that has home state preference. Under the provisions of 28 U.S. Code 1738A, the PKPA provides as follows:
 1738A. Full faith and credit given to child custody determinations
 (a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State.
 (b)(3) "custody determination" means a judgment, decree, or other order of a court providing for the custody or visitation of a child, and includes permanent and temporary orders, and initial orders and modifications;
. . .
 (f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if —
 (1) it has jurisdiction to make such a child custody determination: and
 (2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.
(emphasis added)
The PKPA imposes two requirements in order for Connecticut to have the power to modify the custody decree entered by Virginia. The first requirement is that Connecticut have jurisdiction to make the child custody determination. This court holds that it does CT Page 1749 have jurisdiction to make a child custody determination in this case. The second requirement in order for Connecticut to modify the Virginia decree is that Virginia no longer have jurisdiction, or that Virginia has declined to exercise such jurisdiction to modify its decree.
This court holds that Virginia continues to have jurisdiction to modify its decree. Virginia Code 20-108 gives the courts of that state continuing jurisdiction to modify its custody decrees. In discussing that statute, the Virginia court, in Middleton v. Middleton, 314 S.E. Rptr.2d 362, at 367 (1984), stated in part as follows:
 The mother-appellant recognizes that, even though the Middleton children had been removed from Virginia, the trial court had continuing jurisdiction to change or modify its decree as to their custody. See Code 20-108; Kern v. Lindsey, 182 Va. 775, 780-81, 30 S.E.2d 707, 709 (1994).
Although Virginia continues to have jurisdiction to modify its decree, Connecticut would have jurisdiction to modify that decree if Virginia declines to exercise its jurisdiction to modify its decree. As stated in Middleton, at pages 367-368:
 A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
This court holds that under the provisions of the PKPA that the attempt by the plaintiff in the complaint to modify the Virginia decree is hereby stayed until such time as Virginia rules as to whether it will decline to exercise its jurisdiction to modify the decree.
Sidney Axelrod, Judge CT Page 1750